**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN M. WEAVER,[1]<br>        Appellant,<br><br>        v.<br><br>DEPARTMENT OF THE ARMY,<br>        Agency. | DOCKET NUMBER<br>PH-0752-13-1777-I-1<br><br><br>DATE: May 20, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

John M. Weaver, Towson, Maryland, pro se.

Michael E. Hokenson, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;

---

[1]  Pursuant to 5 C.F.R. § 1201.36(a), this case was part of a consolidation, *INSCOMHGRWB  v. Department of the Army*, MSPB Docket No. PH-0752-14-0590-I-1.

[2]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency furloughed the appellant from his Logistics Management Specialist position with the U.S. Army Intelligence and Security Command (INSCOM) for no more than 11 workdays based on "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to federal budgetary resources caused by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. Initial Appeal File (IAF), Tab 3 at 8-9, 14-16. The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 30, 2013, not to exceed a maximum of 88 hours during the furlough period. *Id.* at 6. The appellant did not serve more than 6 workdays on furlough. *INSCOMHGRWB v. Department of the Army*, MSPB Docket No. PH-0752-14-0590-I-1, Consolidated Appeal File (CAF), Tab 7 at 8.

¶3  The appellant filed an appeal challenging the furlough action, which the Board consolidated with the related appeals of three other INSCOM employees. IAF, Tab 1; CAF, Tab 10, Initial Decision (ID) at 1, 29. After holding the requested hearing, the administrative judge affirmed the furlough actions. ID at 1, 19. He found that the furloughs were a reasonable management solution to the financial restrictions placed upon INSCOM, that the agency applied its determination as to which employees to furlough in a "fair and even manner," and that the furloughs were effected for the efficiency of the service. ID at 18-19. In so finding, the administrative judge rejected the appellant's argument that the agency unfairly implemented the furlough because it furloughed employees, like the appellant, who were funded by the Military Intelligence Program (MIP), but did not furlough alleged similarly situated employees who were funded by the National Intelligence Program (NIP), concluding that the agency had a legitimate basis for deciding not to furlough its NIP-funded employees. ID at 8-12; IAF, Tab 1 at 8-9.

¶4  Of the four employees in the consolidated appeal, only the appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant continues to claim that the agency's decision to furlough its MIP-funded employees–but not its NIP-funded employees–constituted disparate treatment.[3] *Id.* The agency has filed a response in opposition to the petition for review. PFR File, Tab 4.

---

[3] The appellant does not dispute that the furlough was, in general, a reasonable management solution to the financial restrictions placed on the agency. Nor does he claim that he should not have been subjected to the furlough because he occupied an NIP-funded position or otherwise met the agency's criteria for an exception. *Cf. Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 10 (2014). Rather, he claims that, if MIP-funded personnel "were not allowed to be exempt" from the furlough, then NIP-funded personnel should have been subjected to the furlough as well. PFR File, Tab 1 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        In a May 14, 2013 memorandum to the Secretaries of the Military Departmends and other DOD managers, the Secretary of Defense directed defense managers to prepare to furlough most DOD civilians for up to 11 days. Complete Department of the Army Administrative Record for FY 2013 Furlough Appeals (Army Administrative Record), available at http://www.mspb.gov/furloughappeals/army2013.htm (last visited April 27, 2015), Tab 7 at 50-52. He explained that there would only be limited exceptions to the furlough including, for instance, employees whose furloughs "would not free up money for critical DOD mission needs." *Id.* at 51-52. In an accompanying attachment, DOD set forth nine categorical exceptions to the plan to furlough civilian employees. *Id.* at 53-54. The fourth exception applied to employees who were funded with NIP funds, stating that the determination to furlough those employees would be made by the Director of National Intelligence. *Id.* at 53. It additionally stated that any employees who were funded with MIP funds, however, would be subject to furlough. *Id.* In a May 23, 2013 memorandum in reference to the Secretary of Defense's May 14, 2013 memorandum, the Assistant Secretary of the Army for Manpower and Reserve Affairs indicated that NIP-funded Army employees were exempt from the furlough at the direction of the Director of National Intelligence. Army Administrative Record, Tab 10 at 87-88.

¶6        The Board has found that an agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a "fair and even manner." *Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶ 15 (2014). A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently. *Id.* This does not mean that the agency is required to apply the furlough in such a way as

to satisfy the Board's sense of equity. *Id.* Rather, it means that the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons. *Id.*

¶7      For purposes of this decision, we assume that the appellant has established that he is similarly situated to employees who were not furloughed because they were NIP-funded. We agree with the administrative judge that the agency established a legitimate management reason for different treatment of otherwise similarly situated NIP-funded employees. ID at 11-12. Significantly, NIP-funded employees, unlike MIP-funded employees, were not paid with DOD funds. CAF, Tab 3 at 59-60 (declaration of INSCOM Chief of Staff). Therefore, any decision to furlough NIP-funded employees would not reduce the expenditure of DOD budgetary resources. *See id.*; Army Administrative Record, Tab 7 at 50-55, Tab 10 at 87. The appellant has not challenged, and we find no reason to disturb, the administrative judge's finding that the agency did not target the appellant or any group of appellants for personal or other wrongful reasons. *See* ID at 11; *see also Lopez*, 121 M.S.P.R. 647, ¶¶ 15, 18. Accordingly, while NIP-funded employees and MIP-funded employees may have been performing "the same exact job," as alleged by the appellant, PFR File, Tab 1 at 1, it was the source of funding for their positions, rather than the duties of the positions themselves, that differentiated them for furlough purposes, CAF, Tab 3 at 59-60; *see Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶ 7 (2014) (finding that the agency established a legitimate management reason for treating certain shipyard employees differently from others for furlough purposes). The appellant, therefore, has provided no basis to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.